# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KAREN MCCARTHY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ATLANTA MARKET GP, INC. d/b/a CARTERSVILLE MEDICAL CENTER,<br><br>　　　　Defendant, | CIVIL ACTION FILE NO:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Karen McCarthy (hereinafter "Plaintiff" or "Ms. McCarthy") files her Complaint against Defendant Atlanta Market GP, Inc. d/b/a Cartersville Medical Center (hereinafter "Defendant" or "CMC") based on the following allegations:

## INTRODUCTION

1.

This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* as amended ("ADA"), based on the CMC's refusal to provide a reasonable accommodation, discrimination on the basis of Ms. McCarthy's disability, and unlawful termination of Ms. McCarthy from CMC on

the basis of her disability in violation of the ADA. Ms. McCarthy also asserts a claim of retaliation in violation of the ADA due to being terminated after complaining of disability discrimination.

## PARTIES, JURISDICTION, AND VENUE

2.

Ms. McCarthy is a resident of the State of Georgia and submits herself to the jurisdiction of this Court.

3.

CMC is a Delaware corporation licensed to do business in the State of Georgia, and service of process may be effectuated through its registered agent, CT Corporation System, at 289 S Culver Street, Lawrenceville, Georgia, 30046. CMC is subject to the personal jurisdiction of this Court.

4.

At all times relevant to this suit, CMC employed more than fifteen (15) employees and has been subject to mandates of the ADA not to discriminate in employment decisions on the basis of disability.

5.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the claims to be asserted raise federal questions of law.

6.

Pursuant to 28 U.S.C. § 1391, venue is proper because the acts, events, and occurrences giving rise to Ms. McCarthy's claims took place within this judicial district and division.

## ADMINISTRATIVE PROCEEDINGS

7.

On December 4, 2019, Ms. McCarthy filed a Charge of Discrimination alleging disability discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC").

8.

Ms. McCarthy received a Notice of Right to Sue letter from the EEOC on December 10, 2020. She properly filed this Complaint within ninety (90) days of receiving the Right to Sue letter.

## STATEMENT OF FACTS

9.

Ms. McCarthy was hired by CMC on March 16, 2016, as a Surgical Technologist.

10.

Ms. McCarthy was responsible for preparing sterile field equipment and

instruments for surgeries being performed at CMC's operating rooms.

11.

Ms. McCarthy worked for CMC for three (3) years and four (4) months.

12.

Ms. McCarthy suffers from degenerative disc disease, which affects several major life activities, including, but not limited to, sleeping, walking, standing, lifting, bending, and breathing.

13.

On July 2, 2018, Ms. McCarthy suffered an injury or aggravation to her lower back and degenerative disc disease when lifting a heavy tray in an operating room.

14.

CMC also regarded Ms. McCarthy as disabled, stating that Ms. McCarthy had permanent limitations related to her disability it was unwilling to accommodate during her termination meeting.

15.

After her work injury and aggravation of her disability on July 2, 2018, Ms. McCarthy was placed on light duty restrictions by her physician.

16.

Ms. McCarthy was capable of performing the essential functions of her job with reasonable accommodations, including, but not limited to, assistance lifting heavier items, lifting limitations, the ability to sit and rest intermittently, and/or assignment to surgical procedures with lower lifting requirements.

17.

After notifying CMC of her disability and work injury, Ms. McCarthy's supervisors regularly harassed Ms. McCarthy and subjected her to increased scrutiny of her work performance, including belittling Ms. McCarthy for her disability, demanding that she perform tasks outside of the limitations set by her physician, and disciplining and harassing Ms. McCarthy for minor issues.

18.

On January 25, 2019, Ms. McCarthy's workers' compensation attorney sent a letter to CMC notifying CMC of the ongoing discrimination and harassment in violation of the ADA and requested CMC take action to correct the discriminatory and harassing behavior. Attached as **Exhibit 1** is a true and accurate copy of the January 25, 2019 letter from Ms. McCarthy's workers' compensation attorney.

19.

CMC provided Ms. McCarthy with reasonable accommodations for more

than one (1) year, including compiling and preparing operating room ("OR") instrument trays and other work assignments in different departments.

20.

CMC's ability to accommodate Ms. McCarthy's work restrictions for more than one (1) year demonstrated that the reasonable accommodations were not an undue burden to CMC.

21.

In July 2019, Ms. McCarthy was assigned permanent lifting restrictions related to her disability, including lifting restrictions of twenty-five (25) pounds occasionally or twenty (20) pounds frequently.

22.

CMC's job description for a Surgical Technologist recognizes that Surgical Technologist can obtain assistance for lifting and even requires Surgical Technologist to obtain assistance for lifting more than fifty (50) pounds.

23.

Thus, permitting assistance for lifting to Ms. McCarthy would not have been an undue burden on CMC.

24.

Ms. McCarthy was able to perform all essential functions of her job with a

reasonable accommodation.

25.

CMC provided assistance with lifting and/or job assignments with lighter lifting requirements to at least one (1) other Surgical Technologist.

26.

On July 26, 2019, CMC terminated Ms. McCarthy.

27.

CMC advised Ms. McCarthy that it would not accommodate her permanent work restrictions.

28.

CMC refused to provide a reasonable accommodation to Ms. McCarthy despite the fact that it provided a reasonable accommodation to Ms. McCarthy for more than one (1) year and also provided similar accommodations to other employees.

29.

CMC regarded Ms. McCarthy as disabled at the time of her termination.

## COUNT ONE – VIOLATION OF THE ADA FOR FAILURE TO ACCOMMODATE

30.

Plaintiff incorporates by reference the prior paragraphs as if fully set forth herein.

31.

CMC is an employer covered by the ADA, 42 U.S.C. § 12111, *et seq*.

32.

Ms. McCarthy was disabled and had record of her disability prior to her unlawful and discriminatory termination.

33.

Ms. McCarthy's disability affected several major life activities, including, but not limited to, sleeping, walking, standing, lifting, bending, and breathing.

34.

CMC also regarded Ms. McCarthy as disabled at the time of her termination.

35.

Ms. McCarthy was qualified for the position of Surgical Technologist and was capable of performing the essential functions of her job with a reasonable

accommodation.

36.

CMC refused to provide a reasonable accommodation to Ms. McCarthy.

37.

CMC provided a reasonable accommodation to Ms. McCarthy for more than one (1) year, displaying that a continued reasonable accommodation would not have been an undue burden on CMC.

38.

CMC also provided similar reasonable accommodations to at least one (1) other Surgical Technologist.

39.

CMC terminated Ms. McCarthy because of her disability by refusing to provide a reasonable accommodation in violation of the ADA.

40.

CMC's conduct alleged in this Complaint is a willful and intentional violation of the ADA.

41.

CMC's unlawful actions caused Plaintiff to suffer lost income and benefits, lost opportunities for advancement, lost retirement benefits, mental and emotional distress, pain and suffering, costs and attorneys' fees, and other damages for which CMC is liable.

42.

As a direct and proximate result of CMC's violation of the ADA, Ms. McCarthy has been damaged and is entitled to all relief allowed by law, including but not limited to actual damages, compensatory damages, punitive damages, and attorneys' fees and costs.

**COUNT TWO – DISCRIMINATION IN VIOLATION OF THE ADA, 42 U.S.C. § 12111 *et seq.***

43.

Plaintiff incorporates by reference the prior paragraphs as if fully set forth herein.

44.

CMC is an employer covered by the ADA, 42 U.S.C. § 12111, *et seq*.

45.

Ms. McCarthy was disabled and had record of her disability prior to her unlawful and discriminatory termination.

46.

Ms. McCarthy's disability affected several major life activities, including, but not limited to, sleeping, walking, standing, lifting, bending, and breathing.

47.

CMC also regarded Ms. McCarthy as disabled at the time of her termination.

48.

Ms. McCarthy was qualified for the position of Surgical Technologist and was capable of performing the essential functions of her job with a reasonable accommodation.

49.

CMC discriminated against Ms. McCarthy and ultimately terminated her because of her disability, in violation of the ADA which prohibits discrimination in employment on the basis of disability.

50.

CMC's conduct alleged in this Complaint is a willful and intentional violation of the ADA.

51.

CMC's unlawful actions caused Plaintiff to suffer lost income and benefits, lost opportunities for advancement, lost retirement benefits, mental and emotional distress, pain and suffering, costs and attorneys' fees, and other damages for which CMC is liable.

52.

As a direct and proximate result of CMC's violation of the ADA, Ms. McCarthy has been damaged and is entitled to all relief allowed by law, including but not limited to actual damages, compensatory damages, punitive damages, and attorneys' fees and costs.

**COUNT THREE – RETALIATION UNDER THE ADA**

53.

Plaintiff incorporates by reference the prior paragraphs as if fully set forth herein.

54.

Ms. McCarthy notified CMC of her disability after her work injury on July 2, 2018.

55.

Ms. McCarthy's supervisors subsequently discriminated against and harassed Ms. McCarthy by belittling her about her disability, demanding work that was outside of her physician's recommendations, and subjecting her to increased scrutiny of her work performance and disciplinary actions.

56.

Ms. McCarthy's workers' compensation attorney notified CMC of the discriminatory treatment and harassment on January 25, 2019.

57.

Ms. McCarthy's aforementioned actions constituted protected activities under the ADA.

58.

Ms. McCarthy was subsequently terminated on July 26, 2019.

59.

CMC retaliated against Ms. McCarthy by terminating her for complaining of

disability discrimination and harassment in violation of the ADA, 42 U.S.C. § 12203(a).

60.

CMC's violations of the ADA were unlawful retaliation in violation of the ADA.

61.

As a direct and proximate result of CMC's retaliation, Ms. McCarthy has been damaged and is entitled to all relief allowed by law, including, but not limited to, actual damages, compensatory damages, punitive damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

(a) Find that Defendant violated the ADA as described above;

(b) Order Defendant to make Plaintiff whole by reinstatement to her former position, with full back pay and other benefits and expenses in amounts to be proven at trial;

(c) If reinstatement is not feasible under the circumstances, grant Plaintiff front pay, including lost future benefits including medical insurance and retirement benefits;

(d) Grant Plaintiff compensatory damages in amounts to be proven at trial;

(e) Grant Plaintiff punitive damages in amounts to be proven at trial;

(f) Grant Plaintiff pre-judgment interest on all lost wages;

(g) Grant Plaintiff her costs in this action and reasonable attorney's fees as provided by law;

(h) Grant a trial by jury on all issues properly submitted to a jury; and

(i) Grant such additional relief as this Court deems proper and just.

Respectfully submitted, this 26th day of February 2021.

| | |
|---|---|
| **PARKS, CHESIN & WALBERT, P.C.** | */s/ J. Daniel Cole* |
| 75 14th Street, 26th Floor | **J. Daniel Cole** |
| Atlanta, GA 30309 | Georgia Bar No. 450675 |
| Telephone: 404-873-8000 | Email: dcole@pcwlawfirm.com |
| Fax: 404-873-8050 | |

*COUNSEL FOR PLAINTIFF*

Attorneys At Law
Phone (404) 382-7439
Facsimile: (404) 962-6624



3834 Austell Rd, S.W.
Suite A (Top Floor)
Marietta, Georgia 30008

**CEASE AND DESIST LETTER:**
**DISCRIMINATION, HARASSMENT, AND RETALIATION**

*January 25, 2019*

**\*\*VIA E-MAIL \*\***

ATLANTA MARKET GP. INC.
CARTERSVILLE MEDICAL CENTER
c/o Michele Parker-Smith
Vice-President, Human Resources
Michele.parkersmith@hcahealthcare.com


Re:   Karen McCarthy
      Employer: Cartersville Medical Center
      D/A: 7-2-18

Dear Human Resources:

I have been retained to represent Ms. McCarthy for the workplace accident which occurred on 7-2-18 involving her low back. A copy of my WC-14 Notice of Claim is attached for your convenience. As you may know, Ms. McCarthy's work accident has caused a permanent injury and disability involving her spine. She is currently receiving care and working light duty under the treating physician's work restrictions. That is, my client has been released to light duty work at Cartersville Medical Center and is doing her very best. My client takes great pride in her work and wishes to continue working.

In discussing her case, I was very distressed to learn that her immediate supervisors and the lower levels of human resources have begun to systematically discriminate and retaliate against Ms. McCarthy due to her disability, and the need for her to continue receiving medical care for her work accident.

Notably, Allison Holbrook has created a hostile work environment, belittling Ms. McCarthy for her ongoing injury and disability on multiple occasions. Ms. Holbrook has also placed Ms. McCarthy in "no win" situations, asking Ms. McCarthy to exceed her work restrictions, knowing that Ms. McCarthy would be unable to do so. Ms. Holbrook is the operating room manager. Likewise, Lisa Ponder, has begun disciplining and harassing Ms. McCarthy for pretextual reasons. Apparently, someone in management also began recording Ms. McCarthy's phone calls at work. All of these people have belittled Ms. McCarthy and treated her as *persona non grata* due to her disability. This is not a complete list of the discrimination, but just a few examples, and we urge you to investigate. We are requesting your assistance to stop this behavior.



Attorneys At Law
Phone (404) 382-7439
Facsimile: (404) 962-6624

3834 Austell Rd, S.W.
Suite A (Top Floor)
Marietta, Georgia 30008

---

Ms. McCarthy loves her job, but she is being improperly disciplined and pressured to quit because of her work accident and disability. Under the Americans with Disabilities Act of 1990, as amended (the "ADA" and "ADAAA"), disability discrimination and harassment is unlawful. Likewise, retaliation for the assertion of rights under the ADA is unlawful.

We hereby formally request that the Employer engage in the interactive process, as required by law, to provide Ms. McCarthy with reasonable accommodations and to investigate this discrimination. Please notify me within five (5) business days of the date and time when Cartersville Medical Center, will begin the interactive process with my client, and all individuals who intend to participate in this process. If I have not received any response from you or the Employer within five (5) business days, then I will be forced to conclude that the Employer is unwilling to make any accommodations for my client's disabilities or to investigate these matters.

After the reasonable accommodations meeting, please provide us with a list of all accommodations which the Employer can make available for Ms. McCarthy. If you contend that any requested accommodations pose an undue hardship, then please identify those accommodations and the reason(s) why you believe that the accommodations cannot be provided.

Further, please direct the Employer to cease all discrimination, retaliation, and harassment related to Ms. McCarthy's work injuries, disabilities, and workers' compensation claim. It is unreasonable for the Employer to punish Ms. McCarthy for being permanently hurt at work. Ms. McCarthy reserves the right to report any discrimination, harassment, or retaliation due to her disability, or any other protected class status, to the Equal Employment Opportunity Commission.

Please conduct yourself accordingly,

*Tristan Morrison [E-signed]*
_____
Tristan B. Morrison
Morrison & Hughes Law, LLC
Attorney for the Employee/Claimant